FILED

NOV - 3 2009

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT ROCK ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| ) | |
| Plaintiff,       ) | Criminal No. 09-40034 |
| v.       ) | |
| ) | VIO: Title 21, United States Code, |
| ROSS EUGENE LANDFRIED III,       ) | Sections 841, 846 and 853. |
| a/k/a "Tall," a/k/a "Old Boy,"       ) | |
| NOAH ADAM LANDFRIED,       ) | |
| DWAYNE WILLIAM CORRIGAN,       ) | |
| JOSHUA WAYNE WELLING, a/k/a "Diesel,"       ) | |
| JAMES EDWARD WHITE II,       ) | |
| RONALD J. MARUSCAK, JR.,       ) | |
| a/k/a "Too Tall,"       ) | |
| RICHARD J. BEDALOTA, JR., and       ) | |
| FRANK BERARDELLI,       ) | |
| ) | |
| Defendants.       ) | |

## SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE
(CONSPIRACY TO DISTRIBUTE MARIJUANA)

From in or about 2002, through in or about October of 2009, in Henry County, in the

Central District of Illinois, and elsewhere, the defendants,

ROSS EUGENE LANDFRIED III, a/k/a "Tall," a/k/a "Old Boy,"
NOAH ADAM LANDFRIED,
DWAYNE WILLIAM CORRIGAN,
JOSHUA WAYNE WELLING, a/k/a "Diesel,"
JAMES EDWARD WHITE II,
RONALD J. MARUSCAK, JR.,
a/k/a "Too Tall,"
RICHARD J. BEDALOTA, JR., and
FRANK BERARDELLI,

did conspire with each other and with other persons to knowingly and intentionally distribute and

possess with intent to distribute 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, all in violation of Title 21, United States Code, Sections 841(b)(1)(A) and 846.

## COUNT TWO
## (FORFEITURE)

As a result of the foregoing offense under Title 21, United States Code, Sections 841(b)(1)(A) and 846, as alleged in Count One of this Indictment, which is hereby realleged and incorporated by reference as though fully set forth herein, the defendants,

**ROSS EUGENE LANDFRIED III, a/k/a "Tall," a/k/a "Old Boy," and
NOAH ADAM LANDFRIED,**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all interest that he may have, individually and in association with others, in and to all property, real and personal, as follows:

1. Any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of any or all of the violations alleged in Count One of this Indictment; and,

2. Any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, any or all of the violations alleged in Count One of the Indictment.

Property to be forfeited herein pursuant to Title 21, United States Code, Section 853 includes, but is not limited to at least $1,000,000, which constitutes criminally derived proceeds of the violations alleged in Count One of this Indictment.

## SUBSTITUTE ASSETS

If any of the property described above as being subject to forfeiture, as a result of any act or

omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third person;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of any forfeitable property described above.

    All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL.

S/Foreperson
**FOREPERSON**

S/Jeffrey B. Lang
**JEFFREY B. LANG**
**ACTING UNITED STATES ATTORNEY**
SLD