IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CR-40034 |
| ) | |
| ROSS E. LANDFRIED, III, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant Landfried's Motion for Compassionate Release (D. 344) and the Government's Response (D. 347). For the reasons set forth below, Defendant's Motion is DENIED.

## BACKGROUND

On March 30, 2010, Defendant pled guilty to one count of conspiracy to distribute marijuana. (D. 142). As a part of the plea agreement, Defendant waived his right to appeal and collaterally attack the conviction. *Id.* That same day, prior to the plea agreement being entered, the Government filed a Notice of Intent to Rely Upon Prior Felony Drug Convictions for Sentencing Enhancement pursuant to 21 U.S.C. § 851, which subjected Defendant to a statutory minimum sentence of twenty years. (D. 139). As a part of the plea agreement, Defendant expressly waived any rights he had under § 851 requiring the United States Attorney's Office to file and serve an information stating in writing that his prior drug convictions supported an enhanced sentence. (D. 142, p. 3). On July 30, 2010, Defendant was sentenced to 240 months imprisonment, the mandatory minimum, and ten years supervised release. (d/e on 07/30/2010).

On December 16, 2015, this Court entered an order denying Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c) because Defendant was sentenced to the statutory mandatory minimum and was not entitled to a reduction. (D. 323). On December 17, 2020, this Court denied Defendant's Motion for Reduced Sentence under § 404(b) of the First Step Act because Defendant was ineligible for a reduction under the Act. (D. 340).

On January 8, 2019, while imprisoned, Defendant was charged with conspiracy to commit money laundering and conspiracy to distribute and possession with intent to distribute controlled substances. *United States v. Noah Landfried, et al.,* case no. 2:19-cr-00008 (W.D. Penn). Defendant is currently located in the Northeast Ohio Correctional Center in Youngstown, Ohio, and is awaiting trial there.

On September 16, 2021, Defendant filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (D. 344). On September 24, 2021, the United States Probation Office filed a report stating Defendant did not have a suitable proposed release plan. (D. 346). Due to Defendant's pending case in the Western District of Pennsylvania, if he were released from this sentence, he would remain in pretrial custody pending that matter's resolution. *Id.* On September 28, 2021, the Government filed a response in opposition. (D. 347). This Order follows.

## LEGAL STANDARD

Before filing a motion for compassionate release, a defendant is required to first request that the Bureau of Prisons (BOP) file a motion on his or her behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1). The Seventh Circuit provided further instruction regarding the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons, which includes two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction…. Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id.* The Seventh Circuit has also held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id*. at 1181.

## DISCUSSION

The compassionate release statute, § 3582(c)(1)(A), affords district courts discretion to reduce a term of imprisonment upon finding an "extraordinary and compelling" reason to warrant such a reduction. However, the discretionary authority conferred by § 3582(c)(1)(A) is not unlimited. Upon a finding that a prisoner has supplied such a reason, a district court will then weigh any of the applicable sentencing factors in § 3553(a) in determining what sentence reduction to award the prisoner. *See* § 3582(c)(1)(A).

Here, Defendant requests compassionate release on the following grounds: (1) he would be subjected to a lower mandatory minimum and guideline sentencing range if he were sentenced today; (2) courts have granted compassionate release to defendants who would have received a shorter sentence if sentenced today; and (3) societal attitudes toward marijuana have changed, making Defendant's sentence "unusually long" under today's standards. (D. 344). Defendant further argues that the § 3553(a) factors weigh in favor of release due to the nature and characteristics of the offense, his criminal history, the length of his sentence, and to avoid unwarranted sentence disparities for similarly situated defendants sentenced after Congress reduced the mandatory minimum sentence from twenty to fifteen years under the First Step Act. *Id.*

First, this Court finds Defendant improperly seeks to evoke § 3582(c)(1)(A) to challenge the length and validity of his sentence. Congress has prescribed a specific statutory scheme authorizing federal prisoners to seek such post-conviction relief to vacate, set aside, or correct a sentence which is embodied in 28 U.S.C. § 2255 and its accompanying provisions. ("[A]ny post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion." *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007).

Here, Defendant relinquished his right to appeal or collaterally attack his sentence and waived his right to challenge his sentence enhancement as a part of his plea agreement. (D. 142). As a result, he did not and could not file an appeal or any post-judgment motion attacking his sentence. This does not mean he can alternatively use the compassionate release statute to bypass those waivers. To allow him to do so would not only nullify provisions of his plea agreement, but

also would create tension between the compassionate release statute and the statutes governing post-conviction relief.

Second, a change to a statutory sentencing scheme which results in a lower sentence or lower sentencing guideline ranges for the same conviction today does not constitute an "extraordinary and compelling" reason to reduce a sentence lawfully imposed at the time of sentencing. *Thacker,* 4 F.4th at 575. There must be some other independent "extraordinary and compelling" reason for a sentence reduction, such as extraordinary health circumstances involving terminal illness. *Id.* at 574. This Court does not have the "authority to reduce a mandatory minimum sentence on the basis that the length of the sentence itself constitutes an extraordinary and compelling circumstance warranting a sentence reduction." *Id.*

Finally, § 3582 cannot be used to affect a sentence reduction by interpreting the First Step Act amendments to § 841(b)(1)(A) to apply retroactively. To do so would be a total disregard for Congress's clear direction that the amendment applies prospectively. *Id*. at 573. Congress knows how to make a sentencing change retroactive and did not do so here. At the time Defendant was sentenced, he received the mandatory minimum. (d/e on 07/30/2010). There is nothing "extraordinary about leaving untouched the exact penalties that Congress proscribed and that a district court imposed." *Id.* at 574.

The Seventh Circuit also stressed a broader concern with allowing § 3582(c)(1)(A) to serve as authority for relief from mandatory minimum sentences prescribed by Congress, stating:

> We see nothing preventing the next inmate serving a mandatory minimum sentence under some other federal statute from requesting a sentencing reduction in the name of compassionate release on the basis that the prescribed sentence is too long, rests on a misguided view of the purposes of sentencing, reflects an outdated legislative choice by Congress, and the like. Rationales along those lines cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law. Any other conclusion offends principles of separation of powers.

5

*Id.* On that same note, Defendant's argument that his sentence is excessive considering societal attitudes towards marijuana today "cannot supply an extraordinary and compelling reason to reduce a lawful sentence." *See id.* at 574.

No other independent "extraordinary and compelling" reasons warranting a sentence reduction have been provided. As a result, this Court does not have discretionary authority under § 3582(c)(1)(A) to reduce Defendant's sentence. *See id.* at 576. Therefore, the Court need not consider the sentencing factors under § 3553(a).

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Compassionate Release [344] is DENIED.

ENTERED this 28th day of October, 2021.

s/ Michael M. Mihm
Michael M. Mihm
United States District Court Judge
